PHEBE G. ELLIS v. HENRY W. ELLIS AND WILLIAM T. McKAIG, TRADING AS ELLIS & McKAIG.

A partner cannot bind his copartner by warrant of attorney, under his hand and seal, in the name of the firm, where there has been no previous consent or authority given, or subsequent ratification.

---

On rule to show cause why judgment on bond and warrant of attorney should not be set aside as to William T. McKaig, one of the defendants.

Argued at November Term, 1884, before Justices DEPUE and SCUDDER.

For the rule, *I. W. Carmichael.*

*Contra, J. J. Crandall.*

The opinion of the court was delivered by

SCUDDER, J.   On October 7th, 1884, Henry W. Ellis confessed judgment to Phebe G. Ellis, on bond and warrant of attorney executed by him, under his hand and seal, in the name and for the firm of Ellis & McKaig.   Motion is now made in behalf of McKaig to set aside the judgment as to him. The depositions that have been taken under the rule show that the defendants were partners in a country store at Island Heights, Ocean county; that Ellis went to Philadelphia, ostensibly to buy goods, and while there, without the previous assent or subsequent ratification of McKaig, executed the bond and warrant of attorney on which judgment was entered.

The question raised is whether one partner can thus bind his copartner by warrant of attorney under seal.   Our statute prescribing the form of entering judgments on bonds and warrants of attorney, (*Rev.,* p. 81, § 5,) in its terms is applicable in all cases where a bond or obligation is given for the payment of money only, together with a warrant under hand and seal, &c.   The warrant therefore, to be available under the statute, must be under seal, and this one purports to be so executed.   This was not the practice prior to the statute passed February 24th, 1820.   *Elm. Dig.* 45.   The act of February 14th, 1779, (*Pat. L.,* p. 356, § 14,) enacts that every attorney who shall confess judgment in any case shall, at the time of making such confession, produce his warrant for making the same to the court or judge before whom he makes confession, but does not say it shall be under seal.   By the English practice, also, a warrant of attorney to confess judgment need not be under seal.   *Brutton* v. *Burton,* 1 *Chitty* 707 (1819.)   This case also decides that a warrant of attorney under seal, exe-

Ellis v. Ellis & McKaig.

cuted by one person for himself and his partner, in the absence of the latter but with his parol consent, is a sufficient authority for signing judgment against both.

The evidence showed that frequently, after the warrant of attorney was given, the defendant who did not sign admitted its validity, and that it was given with his concurrence. This was held sufficient to bind him. The rule established by many cases is that one partner cannot bind his copartners by confession of judgment where no writ has been issued against them all, or where no warrant of attorney has been signed by them, or where assent, express or implied, has not been given other than by the implied power of one partner to bind another; and that where an act is done which one partner may do without deed, it is not less effectual when it is done by deed. The statute of 1820 having required a seal, one partner cannot affix it for another without his assent. 1 *Am. Lead. Cas.* 449, &c.; *Pars. on Part.* 178, note *g*; *Cady* v. *Shepherd*, 11 *Pick.* 400; *Grow* v. *Seton*, 1 *Hall* (*N. Y.*) 262; *Story on Part.*, § 122.

In this case there is no evidence of previous authority or subsequent ratification by McKaig to validate his partner's confession of this judgment. It appears that Ellis gave it to pay a debt of the firm because he doubted the sufficiency of the assets to pay all the creditors, and wished to close the business by giving judgments to the plaintiff and other creditors. The proceedings were hostile towards McKaig, and voidable by him. There is no difficulty, with such facts proved, in setting aside the judgment as to the one partner who has not signed or authorized the warrant, and holding it good against the other. *Silvers* v. *Reynolds*, 2 *Harr.* 275.

But the court will not set aside the judgment on the application of the defendant partner who has executed the warrant of attorney under seal. *St. John* v. *Holmes*, 20 *Wend.* 608. On proper application by the partner who has not signed and sealed the power of attorney, and proof that he has not assented to the act of his copartner previous to its execution, or afterwards ratified and adopted it, while the judgment will

not be set aside altogether, his name will be stricken out, or the judgment will be corrected so as to bind the other partner only, or the execution will be restrained so that only the other's interest in the firm property, and his separate property, will be sold to satisfy the judgment.

The execution under this judgment will therefore be restrained so that Ellis' interest in the partnership assets and his separate property may be sold, while McKaig's share of the firm assets and his individual property will be exempted from the judgment and execution.

The same order will be made in the other cases where judgments have been entered on like facts, and the parties heard in this application by consent of counsel.